CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs:
Eve Nevada, LLC and Rambo V Productions, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Eve Nevada, LLC and Rambo V Productions, Inc. | **Case No.: 1:20-cv-475** (Copyright) |
| Plaintiffs, vs. | **COMPLAINT; DECLARATION OF STEPHANIE KESSNER; EXHIBITS "1"-"3"** |
| DOES 1-16 | **(1) DIRECT COPYRIGHT INFRINGEMENT** |
| Defendants. | **(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT** **(3) DMCA VIOLATIONS** |

## COMPLAINT

Plaintiffs Eve Nevada, LLC and Rambo V Productions, Inc. ("Plaintiffs")

file this Complaint against Defendants DOES 1-16 ("Defendants") and allege as

follows:

## I.    NATURE OF THE ACTION

20-032C

1.     This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the "Copyright Act").

2.     The Plaintiffs allege that Defendants are liable for: (1) direct copyright infringement and (2) contributory copyright infringement in violation of 17 U.S.C. §§ 106 and 501; and (3) violations under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202.

## II.     JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

4.     Defendants either reside in, solicit, transact, or are doing business within this jurisdiction, and have committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction.  As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over them.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (b) the Defendants reside, and therefore can be found, in this State.  Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases), because the Defendants or Defendants' agents

20-032C

resides or may be found in this District.

## III.   PARTIES

### A.   The Plaintiffs

6.     The Plaintiffs are the owners of the copyrights for the movies (hereinafter: "Works"), respectively, as shown in Exhibit "3".

7.     Plaintiff Eve Nevada, LLC ("Eve") is a limited liability company registered under the laws of the State of Nevada, has principal offices in Los Angeles, California and is an affiliate of Voltage Pictures, a production company with a notable catalog of major award-winning motion pictures.

8.     Plaintiff Eve is the owner of the Work *Ava* featuring Jessica Chastain, Colin Farrell, John Malkovich and Common, which tells the story of a deadly assassin specializing in high profile hits who is forced to fight for her own survival when a job goes wrong.

9.     Plaintiff Rambo V Productions, Inc. ("RVP") is a corporation organized and existing under the laws of the State of Nevada, has principal offices in Los Angeles, California and is an affiliate of Millennium Media, a production company and distributor of a notable catalog of major motion pictures.

10.     Plaintiff RVP is the owner of the Work *Rambo V: Last Blood*, which tells the story of John Rambo (Sylvester Stallone) and his final mission as part of the final chapter of the popular *Rambo* series.

20-032C

3

## B.   The Defendants

11.    The Defendants are members of a group of BitTorrent users or peers whose computers are collectively interconnected for the sharing of a particular unique file, otherwise known as a "swarm".  The particular file a BitTorrent swarm is associated with has a unique "hash" number, which in this case for *Ava* is: SHA1: F3882AE352BDE394F46F41B675E60BB584C0573E.      The   file   name   is "Ava.2020.WEB-DL.x264-FGT".  Exhibit "1".

12.    Defendant Doe 11 further participated in a BitTorrent swarm for *Rambo        V:        Last        Blood*,        hash        number: ECFA0E9BC730231396CBEBA93D243E76B8DFB758,    and    file    name "Rambo.Last.Blood.2019.1080p.KORSUB.HDRip.x264.AAC2.0-STUTTERSH*T" (partially redacted, hereinafter "STUTTERSH*T). Exhibit "2".

13.    Upon information and believe, each of the Defendants received from Plaintiffs' agents at least a first notice styled per 17 U.S.C. 512(a) of the Digital Millennium Copyright Act ("DMCA notice") requesting the individual to stop infringement of the Works via BitTorrent protocol.

14.    The Internet Service Provider ("ISP") provides the Internet service for Defendants.   The Plaintiffs intend to subpoena the ISP in order to learn the subscriber identities of Defendants. Further discovery may be necessary in some circumstances in order to be certain of the identity of the proper Defendant.

20-032C

Plaintiffs believe that information obtained in discovery will lead to the identification of each Defendants' true names and permit the Plaintiffs to amend this Complaint to state the same.  The Plaintiffs further believe that the information obtained in discovery may lead to the identifications of additional infringing parties to be added to this Complaint as Defendants.  The Plaintiffs will amend this Complaint to include the proper names and capacities once determined.  The Plaintiffs are informed and believes, and based thereon allege, that each of the fictitiously named Defendants participated in and are responsible for the acts described in this Complaint and damages resulting therefrom.

15.    Upon information and belief and as explained more fully below, each of the Defendants used the popular movie piracy website "RARBG" to obtain torrent files of the Plaintiffs' Works, and downloaded and shared copies of Plaintiffs' Works using said torrent files.

## IV.   JOINDER

16.    Pursuant to Fed. R. Civ. P. 20(a)(1), each of the Plaintiffs are properly joined because, as set forth in detail above and below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the use of movie piracy website "RARBG" by Defendants for copying and distributing one or more of Plaintiffs' Works via torrent files; and (b) that there are common questions of law and fact.

17.    Pursuant to Fed. R. Civ. P. 20(a)(1), each of the Defendants are properly joined because, as set forth in more detail below, the Plaintiffs assert that the infringements of their Works complained of herein by each of the Defendants was accomplished by the Defendants using the movie piracy website "RARBG" to download infringing torrent files, and there are common questions of law and fact.

18.    Moreover, the infringements of the Work *Ava* complained of herein by each of the Defendants was part of a series of transactions over the course of a relatively short period of time, involving the exact same piece of the Work, and, upon information and belief, was accomplished by the Defendants acting in concert with each other.

## V.    FACTUAL BACKGROUND

### A.  The Plaintiffs Own the Copyrights to the Works Infringed by Defendants

19.    The Plaintiffs are the owners of the copyright registrations for the screenplay (PAu003943693) and the motion picture (PA0002235557) in the Work *Ava*, and the motion picture (PA2202971) in the Work *Rambo V: Last Blood*.  This action is brought pursuant to 17 U.S.C. § 411.

20.    The Works are motion pictures currently offered for sale in commerce.

21.    Defendants had notice of Plaintiffs' rights through at least the credits indicated in the content of the motion pictures which bore proper copyright notices.

22.    Defendants also had notice of Plaintiffs' rights through general

20-032C

publication and advertising associated with the motion pictures, which bore proper copyright notices.

**B. Defendants Used the Movie Piracy Website "RARBG" to Download Torrent Files for Copying Plaintiffs' Works.**

23.    Upon information and belief, each of the Defendants registered for an account on the movie piracy website "RARBG" using an email address or installed a BitTorrent Client application on their device that retrieved torrent files from the movie piracy website "RARBG".

24.    The movie piracy website "RARBG" is currently accessible at rarbg.to.

25.    The movie piracy website "RARBG" provides torrent files, many including the names of notorious piracy groups "FGT" or "STUTTERSH*T" in their file names, which can be used by a BitTorrent protocol client application to download copyright protected content, including Plaintiffs' Works.

26.    As shown by the screenshots below, the movie piracy website "RARBG" is notorious for distributing torrent files of copyright protected motion pictures.

20-032C



27.   The movie piracy website "RARBG" is so notorious that the United

States Trade Representative ("USTR") placed it on a list of examples of Notorious

8

20-032C

Markets engaged in and facilitating substantial piracy. *See* USTR, 2018 Out-of-Cycle Review of Notorious Markets, April 2019, pgs. 24, 27-28, Available at https://ustr.gov/sites/default/files/2018_Notorious_Markets_List.pdf [last accessed on November 4, 2020].

28.    Upon information and belief, Defendants used the movie piracy website "RARBG" to download a torrent file associated with Plaintiffs' motion pictures.

29.    The movie piracy website "RARBG" includes torrent files from the piracy group "FGT" that regularly creates torrent files for new motion picture releases. The screenshot below shows the extensive library of torrent files with the "FGT" name in the title of the files:



20-032C

30.     As shown in the screenshot below, the movie piracy website "RARBG" promotes and distributes the infringing torrent file "Ava.2020.WEB-DL.x264-FGT" which Defendants downloaded and used to display, reproduce and distribute the Work *Ava*.



31.     Upon information and belief, Defendant Doe 11 obtained the infringing file "Rambo.Last.Blood.2019.1080p.KORSUB.HDRip.x264.AAC2.0-STUTTERSH*T" from movie piracy website "RARBG".

### C. Defendants Used BitTorrent to Infringe the Plaintiffs' Copyrights.

32.     BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts

20-032C

of data.

33.    The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

### 1. Defendants Installed a BitTorrent Client onto His or Her Computer.

34.    A BitTorrent Client is a software program that implements the BitTorrent Protocol.  There are numerous such software programs which can be directly downloaded from the Internet.

35.    Once installed on a computer, the BitTorrent Client serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

36.    Each of the Defendants installed a BitTorrent Client onto his or her computer.

### 2. The Initial Seed, Torrent, Hash and Tracker

37.    A BitTorrent user that wants to upload a new file, known as an "initial

11

seeder," starts by creating a "torrent" descriptor file using, for example, the Client he or she installed onto his or her computer.

38.    The Client takes the target computer file, the "initial seed," here the copyrighted Works, and divides it into identically sized groups of bits known as "pieces."

39.    The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

40.    When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

41.    Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

42.    The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

20-032C

43.    The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Works, on them and facilitates the exchange of data among the computers.

44.    Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking.)

### 3. Torrent Sites

45.    "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol.  There are numerous torrent websites including the movie piracy website "RARBG".

46.    Defendants went to torrent sites including the movie piracy website "RARBG" to upload and download Plaintiffs' copyrighted Works.

### 4. The Peer Identification

47.    The BitTorrent Client will assign an identification referred to as a Peer ID to the computer so that it can share content (here the copyrighted Works) with other peers.

48.    Upon information and belief, each Defendant was assigned a Peer ID by their BitTorrent client.

20-032C

### 5. *Uploading and Downloading a Work Through a BitTorrent Swarm*

49.    Once the initial seeder has created a torrent and uploaded it onto one or more torrent sites, then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Works) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

50.    The BitTorrent protocol causes the initial seeder's computer to send different pieces of the computer file, here the copyrighted Works, to the peers seeking to download the computer file.

51.    Once a peer receives a piece of the computer file, here a piece of the copyrighted Works, it starts transmitting that piece to the other peers.

52.    In this way, all of the peers and seeders are working together in what is called a "swarm."

53.    Here, Defendants participated in a swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

54.    In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Works here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Works to each of the peers. The

20-032C

recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

55.    Once a peer has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie. Also, once a peer has downloaded the full file, that peer becomes known as "an additional seed," because it continues to distribute the torrent file, here the copyrighted Works.

**6.  The Plaintiffs' Computer Investigator Identified Defendants' IP Addresses as Participants in a Swarm That Was Distributing Plaintiffs' Copyrighted Works.**

56.    The Plaintiffs retained Maverickeye UG ("MEU") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the Internet to reproduce, distribute, display or perform the Plaintiffs' copyrighted Works.

57.    MEU used forensic software to enable the scanning of peer-to-peer networks for the presence of infringing transactions.

58.    MEU extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith for the files identified by the SHA-1 hash value of the Unique Hash Number.

59.    The IP addresses, Unique Hash Numbers, and hit dates contained in

20-032C

Exhibits 1 and 2 accurately reflect what is contained in the evidence logs.

60.     The logged information in Exhibits 1 and 2 show that Defendants copied pieces of the Plaintiffs' copyrighted Works identified by the Unique Hash Number.

61.     The Defendants' computers used the identified IP addresses in Exhibit 1 to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Number.

62.     MEU's agent analyzed each BitTorrent "piece" distributed by the IP addresses listed on Exhibit 1 and verified that re-assemblage of the pieces using a BitTorrent Client results in a fully playable digital motion picture of the Works.

63.     MEU's agent viewed the Works side-by-side with the digital media file that correlates to the Unique Hash Number and determined that they were identical, strikingly similar or substantially similar.

**D. Defendants Knew the Copyright Management Information Included in the Files They Distributed had been Removed or Altered Without the Authority of the Plaintiffs**

64.     A legitimate file copy of the Works includes copyright management information ("CMI") indicating the title.

65.     The initial seeder of the infringing file copies of Plaintiffs' Works

20-032C

added the words "FGT" or "STUTTERSH*T" to the file titles to "brand" the quality of piracy files he or she released and attract further traffic to the movie piracy website "RARBG".

66.     The word "FGT" or "STUTTERSH*T" is not included in the file title of legitimate copies or streams of the Plaintiffs' Works.  The initial seeder of the Works altered the title to falsely include the word "FGT" or "STUTTERSH*T" as CMI.

67.     The file copies Defendants distributed to other peers in the Swarm included this altered CMI in the file title.

68.     Defendants knew that the movie piracy website "RARBG" from which they obtained their torrent files was distributing illegal copies of the Works.

69.     Defendants knew that neither "FGT" nor "STUTTERSH*T" were the authors of Plaintiffs' Works.

70.     Defendants knew that movie piracy website "RARBG" was not a licensed distributor of Plaintiffs' Works.

71.     Defendants knew that the CMI that included "FGT" or "STUTTERSH*T" in the file names was false.

72.     Defendants knew that the file copies of one or more of the Works that they distributed to other peers in the Swarm included the altered CMI without the authority of the Plaintiffs.

20-032C

73.     Defendants knew that the CMI in the title they distributed to other peers in the Swarm included the altered CMI without the authority of the Plaintiffs.

74.     Defendants knew that the false or altered CMI in the titles would induce, enable, facility or conceal infringements of the Works when they distributed the false CMI, altered CMI, or Works including the false or altered CMI.

75.     Namely, Defendants knew that other recipients would see the file titles and use the altered CMI to go to the website such as movie piracy website "RARBG" from where the torrent files originated to obtain unlicensed copies of the Works.

76.     By providing the word "FGT" or "STUTTERSH*T" in the altered CMI to others, Defendants induced, enabled and facilitated further infringements of the Works.

## VI. FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

77.     Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

78.     Plaintiffs are the registered copyright owners of the Works which contain an original work of authorship.

79.     Defendants copied the constituent elements of the Work *Ava*.

80.     Defendants also publicly performed and displayed the copyright

20-032C

protected Work *Ava*.

81.    By participating in the BitTorrent swarms with others, Defendants distributed at least a piece of the copyright protected Work *Ava* to others.

82.    Plaintiff Eve did not authorize, permit, or provide consent to Defendants to copy, reproduce, distribute, publicly perform, or display its Work *Ava*.

83.    As a result of the foregoing, Defendants violated Plaintiff Eve's exclusive rights to reproduce its Work *Ava* in copies, in violation of 17 U.S.C. §§ 106(1) and 501.

84.    As a result of the foregoing, Defendants violated Plaintiff Eve's exclusive rights to distribute copies of its Work *Ava*, in violation of 17 U.S.C. §§ 106(3) and 501.

85.    As a result of the foregoing, Defendants violated Plaintiff Eve's exclusive rights to perform its Work *Ava* publicly, in violation of 17 U.S.C. §§ 106(4) and 501.

86.    Defendants' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

87.    Defendant Doe 11 copied the constituent elements of the Work *Rambo V: Last Blood*.

88.    Defendant Doe 11 also publicly performed and displayed the copyright

20-032C

protected Work *Rambo V: Last Blood*.

89.    By participating in the BitTorrent swarms with others, Defendant Doe 11 distributed at least a piece of the copyright protected Work *Rambo V: Last Blood* to others.

90.    Plaintiff RVP did not authorize, permit, or provide consent to Defendants to copy, reproduce, distribute, publicly perform, or display its Work *Rambo V: Last Blood*.

91.    As a result of the foregoing, Defendant Doe 11 violated Plaintiff RVP's exclusive rights to reproduce its Work *Rambo V: Last Blood* in copies, in violation of 17 U.S.C. §§ 106(1) and 501.

92.    As a result of the foregoing, Defendant Doe 11 violated Plaintiff RVP's exclusive rights to distribute copies of its Work *Rambo V: Last Blood*, in violation of 17 U.S.C. §§ 106(3) and 501.

93.    As a result of the foregoing, Defendant Doe 11 violated Plaintiff RVP's exclusive rights to perform its Work *Rambo V: Last Blood* publicly, in violation of 17 U.S.C. §§ 106(4) and 501.

94.    Defendant Doe 11's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

95.    The Plaintiffs have suffered damages that were proximately caused by each of the Defendants' copyright infringements including, but not limited to lost

20-032C

sales, price erosion, and a diminution of the value of its copyrights.

## VIII. SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement based upon participation in the BitTorrent Swarm)

96.    Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

97.    By participating in the BitTorrent swarms with others, Defendants induced, caused or materially contributed to the infringing conduct of others.

98.    Plaintiffs did not authorize, permit, or provide consent to any of the Defendants inducing, causing, or materially contributing to the infringing conduct of others.

99.    Defendants knew or should have known that the other BitTorrent users in a swarm with them were directly infringing Plaintiff Eve's copyrighted Work *Ava* by copying constituent elements of the original registered Work.   Indeed, Defendants directly participated in and therefore materially contributed to others' infringing activities.

100.    The Defendants' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

101.    Defendant Doe 11 knew or should have known that the other BitTorrent users in a swarm with him or her were directly infringing Plaintiff RVP's copyrighted Work *Rambo V: Last Blood* by copying constituent elements of the

20-032C

original registered Work.  Indeed, Defendant Doe 11 directly participated in and therefore materially contributed to others' infringing activities.

102.   Defendant Doe 11's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

103.   By engaging in the contributory infringement alleged in this Complaint, the Defendants deprived not only the producers of one or more Works from income that could have been derived when the respective films were offered for sale or rental, but also all persons involved in the production and marketing of these films, numerous owners of licensed distribution outlets in Hawaii and their employees, and, ultimately, the local economy.  The Defendants' misconduct therefore offends public policy.

## VIII. THIRD CLAIM FOR RELIEF

### (Digital Millennium Copyright Act Violations)

104.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

105.   Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement of the copyright protected Work *Ava*, distributed copyright management information ("CMI") that falsely included the wording "FGT" in violation of 17 U.S.C. § 1202(a)(2).

20-032C

106.    Defendants, without the authority of Plaintiff Eve, or the law, distributed, removed or altered CMI knowing that the CMI had been removed or altered to include the wording "FGT" without the authority of Plaintiff Eve and knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal infringement of the copyright protected Work *Ava* in violation of 17 U.S.C. § 1202(b)(2).

107.    Defendants, without the authority of Plaintiff Eve, or the law, distributed Plaintiff Eve's Copyright protected Work *Ava* knowing that the CMI had been removed or altered to include the wording "FGT", and knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal infringement of the copyright protected Work *Ava* in violation of 17 U.S.C. § 1202(b)(3).

108.    Particularly, the Defendants knew that the CMI in the file names of the pieces had been altered to include the wording "FGT".

109.    Particularly, the Defendants distributed the file names that included CMI that had been altered to include the wording "FGT".

110.    Defendants knew that the wording "FGT" originated from the notorious movie piracy website "RARBG" for which each had registered accounts and/or actively used.

23

20-032C

111. Defendants' acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

112. Defendant Doe 11 knowingly and with the intent to induce, enable, facilitate, or conceal infringement of the copyright protected Work *Rambo V: Last Blood*, distributed copyright management information ("CMI") that falsely included the wording "STUTTERSH*T" in violation of 17 U.S.C. § 1202(a)(2).

113. Defendant Doe 11, without the authority of Plaintiff RVP, or the law, distributed, removed or altered CMI knowing that the CMI had been removed or altered to include the wording "STUTTERSH*T" without the authority of Plaintiff RVP and knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal infringement of the copyright protected Work *Rambo V: Last Blood* in violation of 17 U.S.C. § 1202(b)(2).

114. Defendant Doe 11, without the authority of Plaintiff RVP, or the law, distributed Plaintiff RVP's Copyright protected Work *Rambo V: Last Blood* knowing that the CMI had been removed or altered to include the wording "STUTTERSH*T", and knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal infringement of the copyright protected Work *Rambo V: Last Blood* in violation of 17 U.S.C. § 1202(b)(3).

115. Particularly, Defendant Doe 11 knew that the CMI in the file names of the pieces had been altered to include the wording "STUTTERSH*T".

20-032C

116.   Particularly, Defendant Doe 11 distributed the file names that included CMI that had been altered to include the wording "STUTTERSH*T".

117.   Defendant Doe 11 knew that the wording "STUTTERSH*T" originated from the notorious movie piracy website "RARBG" for which each he or she registered an account and/or actively used.

118.   Defendant Doe 11's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

119.   Plaintiffs are entitled to an injunction to prevent Defendants from engaging in further violations of 17 U.S.C. § 1202.

120.   Plaintiffs are entitled to recover from Defendants the actual damages suffered by Plaintiffs and any profits Defendants have obtained as a result of their wrongful acts that are not taken into account in computing the actual damages. Plaintiffs are currently unable to ascertain the full extent of the profits Defendants have realized by their violations of 17 U.S.C. § 1202.

121.   Plaintiffs are entitled to elect to recover from Defendants statutory damages for their violations of 17 U.S.C. § 1202.

122.   Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court:

(A) enter permanent injunctions enjoining Defendants from continuing to

20-032C

directly infringe and contribute to infringement of one or more of the Plaintiffs'
copyrighted Works;

(B) enter an order pursuant to 17 U.S.C. §512(j) and/or 28 U.S.C §1651(a)
that any service provider providing service for Defendants which he or she used to
infringe one or more of Plaintiffs' Works immediately cease said service;

(C) award the Plaintiffs actual damages and Defendants' profits in such
amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory
damages for infringing the copyrights in the screenplay and motion picture in the
Work *Ava* and for infringing the copyright for the motion picture in the Work *Rambo
V: Last Blood* pursuant to 17 U.S.C. § 504(a) and § 504(c);

(D) award the Plaintiffs its actual damages from the DMCA violations and
Defendants' profits in such amount as may be found; or, in the alternative, at
Plaintiffs' election, for maximum statutory damages of $25,000/DMCA violation
pursuant to 17 U.S.C. § 1203(c) for violations of 17 U.S.C. § 1202;

(E) award the Plaintiffs its reasonable attorneys' fees and costs pursuant to 17
U.S.C. § 505; and

(F) grant the Plaintiffs any and all other and further relief that this Court deems
just and proper.

The Plaintiffs hereby demand a trial by jury on all issues properly triable by
jury.

20-032C

DATED: Kailua-Kona, Hawaii, November 4, 2020.


CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs Eve Nevada, LLC, Rambo
V Productions, Inc.

27

20-032C