CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:    kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| Eve Nevada, LLC and Rambo V Productions, Inc. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:20-cv-475-DKW-KJM (Copyright) **MEMORANDUM IN SUPPORT OF MOTION** |
|---|---|---|
| Plaintiffs, vs. DOES 1-16 Defendants. | | |

**MEMORANDUM IN SUPPORT OF MOTION**

I.     BACKGROUND

Plaintiffs Eve Nevada, LLC and Rambo V Productions, Inc. ("Plaintiffs") are the copyright owners of the copyright registrations for the screenplay (PAu003943693) and the motion picture (PA0002235557) in the Work *Ava*, and

the motion picture (PA2202971) in the Work *Rambo V: Last Blood*. See "Exhibit "3") [Doc. #1-4] to the Complaint.

As shown in Exhibit "1" to the Complaint, the Defendants DOES 1-16 ("Defendants") are BitTorrent users whose computers are interconnected with others and used for illegally copying and distributing Plaintiff Eve Nevada, LLC's Work *Ava* to others. *See* Exhibit "1" [Doc. #1-2] to the Complaint, Complaint at ¶¶11, 79-84. Plaintiffs are suing the Defendants for using the Internet, specifically the BitTorrent file distribution network and the movie piracy website "RARBG", to commit copyright infringement. *See* Complaint at ¶¶23, 28, 79-86.

As the Defendants anonymously used the Internet to commit infringement, Plaintiffs only knows the Internet Protocol ("IP") addresses and the times of the infringements as shown in Exhibit "1" of the Complaint. Based on pre-filing investigations, Defendants' IP addresses were assigned by the Internet Service Provider ("ISP") Verizon Wireless. *See* Exhibit "1" of the Complaint. Publicly available data allow Plaintiffs to identify the specific ISPs Defendants used and other information such as the city or area associated with the IP address. Publicly available data generally does not permit Plaintiffs to ascertain the identity of the subscriber or Defendants. However, the ISP has the records which tie the IP addresses used to infringe Plaintiffs' rights to a specific party who contracted with

the ISP for service. Without this information, Plaintiffs likely cannot ascertain the identity of the Defendants nor pursue this lawsuit to protect its valuable copyrights.

By this motion, Plaintiffs seek permission to serve a third-party subpoena on the ISP Verizon Wireless so that Defendants' true identities may be ascertained. In other cases of this nature, this Court has allowed such early discovery. *See e.g., Hunter Killer Productions, Inc. v. Gerard Prado et al.*, Case No. 1:19-cv-00323-JAO-KJM, Doc. #10 (Order Granting Plaintiff's *Ex Parte* Motion for Leave to Serve Third Party Subpoena Prior to A Rule 26(f) Conference), of July 3, 2019, *Dallas Buyers Club, LLC v. Does 1 through 20,* Case No. 1:14-cv-00330-SOM-RLP, Doc. # 10 (Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to A Rule 26(f) Conference), filed on August 8, 2014. Plaintiffs respectfully request that a similar order be issued here.

## II.    ARGUMENT

### A.    Plaintiffs Should Be Permitted to Conduct Early Discovery

*Federal Rule of Civil Procedure* 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery. *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause

may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."); *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 577 (N.D. Cal. 1999) (noting that courts have permitted "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendants") (citing *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)).

Factors considered by courts in determining whether to allow early discovery include: (1) whether plaintiff has made a *prima facie* showing of infringement; (2) whether plaintiff has identified the doe defendants with sufficient particularity; and, (3) whether the requested discovery is likely to lead to identifying information. *See*, *e.g.*, *Patrick Collins, Inc. v. Does 1-1219*, 2010 WL 5422569 at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted); *Dallas Buyers Club, LLC v. Does 1 through 20,* U.S. District Court, District of Hawaii, Case No. 1:14-cv-00330-SOM-RLP, Doc. # 10, p.3.  All of these factors are satisfied in this case.

With respect to the first factor, Plaintiffs have made a *prima facie* case of copyright infringement.  Plaintiffs have alleged that it owns and registered the copyright of the subject Works, that the Defendants reproduced and distributed at least one of the Works, and that Plaintiffs have suffered resulting damage.  With respect to its claim for contributory copyright infringement, Plaintiffs have alleged

20-032C 20-cv-475

that Defendants, by participating in the file-sharing, caused or contributed to the direct infringement by others. *See Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004). In *Cobbler Nevada, LLC v. Gonzales,* the Ninth Circuit concluded that a bare allegation that a defendant is the registered subscriber of an IP address associated with infringing activity is not sufficient to state a claim for direct or contributory infringement. *See Cobbler Nevada, LLC v, Gonzales,* 901 F.3d 1142, 1144 (9th Cir. 2018). However, for purposes of conducting limited early discovery Plaintiffs' claims are sufficient. See *ME2 Prods., Inc., v. Pumaras*, No. CV 17-00078 SOM/RLP, 2017 WL 4707015, at pgs. 2-3 (D. Haw. Oct. 19, 2017) (holding that similar allegations were sufficient to state a claim for copyright infringement). Moreover, Plaintiffs have alleged more than a "bare allegation". For example, Plaintiffs have alleged that Defendants registered for an account on the movie piracy website "RARBG" using an email address or installed a BitTorrent Client application on their device that retrieved torrent files from the movie piracy website "RARBG". *See* Complaint at ¶23.

Second, Plaintiffs have identified the Defendants with as much specificity as was available to it. Exhibit "1" to Plaintiffs' Complaint lists the IP addresses of the Defendants, the dates of the alleged infringements, the names of the infringing files, the ISPs that assigned each IP address, and that Defendants are located in Hawaii.

20-032C 20-cv-475

Finally, the early discovery requested by Plaintiffs is likely to reveal identifying information that will allow Plaintiffs to identify and serve process on the Defendants DOES 1-16.

Accordingly, Plaintiffs submit that it has shown good cause to allow it to conduct early discovery as requested.

### B. Suggested Parameters for Early Discovery

Plaintiffs request that the early discovery be allowed in the same fashion as this Court has previously permitted in similar cases such as in *Hunter Killer Productions, Inc. v. Gerard Prado et al.,* U.S. District Court, District of Hawaii, Case No. 1:19-cv-00323-JAO-KJM, Doc. # 10, pp.6-7.  For example, in *Dallas Buyers Club, LLC v. Does 1 through 20,* U.S. District Court, District of Hawaii, Case No. 1:14-cv-00330-SOM-RLP, Doc. # 10, pp.5-7, the Court allowed leave to file third-party subpoenas upon the following conditions:

> 1. Plaintiff is allowed to serve Rule 45 subpoenas on Time Warner Cable and Hawaiian Telecom to obtain the name and address of each subscriber associated with the IP addresses on the dates indicated in Exhibit 1 to the Complaint.
>
> 2. Plaintiff shall serve a copy of this Order with any subpoenas issued pursuant to this Order.
>
> 3. The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.
>
> 4. Time Warner Cable and Hawaiian Telecom shall have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order. Time Warner Cable and

Hawaiian Telecom may serve the subscribers by any reasonable means, including written notice sent to the subscriber's last known address via first class mail.

5. The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena. If that 30-day period lapses without a subscriber contesting the subpoena, Time Warner Cable and Hawaiian Telecom shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

6. After Time Warner Cable and Hawaiian Telecom are properly served with Rule 45 subpoenas as detailed above, Time Warner Cable and Hawaiian Telecom shall preserve all subpoenaed information pending the delivery of such information to Plaintiff or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

7. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101, et seq.

Given the similar nature of this case, Plaintiffs submit that an order containing the same conditions be entered.

**C.     There is good cause to extend the deadline to serve the Defendants.**

If this Motion for early discovery is granted, Plaintiffs may not receive the identities of Defendants until 70 days from when the subpoena is served on the ISP and after the date of grant of the Motion.  Plaintiff would only have less than 20 days to investigate the identities provided by the ISP and seek leave of this Court to amend the complaint to name the Defendants.  Accordingly, Plaintiffs

respectfully request that they be given an additional 90 days – i.e., up to and including May 3, 2021 – to serve the Defendants in this case.

## III.  CONCLUSION

For the foregoing reasons, the Plaintiffs request that this Court grant leave to the Plaintiffs to issue a Rule 45 subpoena to the Defendants DOES 1-16's ISP, Verizon Wireless and extend the deadline to serve the Defendants for an additional 90 days.

DATED: Kailua-Kona, Hawaii, November 5, 2020.

CULPEPPER IP, LLLC


 /s/ Kerry S. Culpepper
Kerry S. Culpepper
Attorney for Plaintiffs

20-032C 20-cv-475