IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVE NEVADA, LLC et al. ) | CIVIL NO. 20-00475 DKW-KJM |
| ) | |
| Plaintiffs, ) | ORDER GRANTING PLAINTIFFS' |
| vs. ) | EX PARTE MOTION |
| ) | FOR LEAVE TO SERVE THIRD |
| DOES 1-16 ) | PARTY SUBPOENA |
| ) | PRIOR TO A RULE 26(F) |
| Defendants. ) | CONFERENCE AND EXTENSION |
| ) | OF TIME TO SERVE |
| _____ ) | DEFENDANTS |

ORDER GRANTING PLAINTIFFS' EX PARTE
MOTION FOR LEAVE TO SERVE THIRD PARTY
SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE AND
EXTENSION OF TIME TO SERVE DEFENDANTS

Plaintiffs Eve Nevada, LLC and Rambo V Productions, Inc. ("Plaintiffs") filed an Ex-Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference and Extension of Time to Serve Defendants ("Motion") on November 5, 2020.  ECF No. 7.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1 of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").  After carefully considering the Motion and the applicable law, the Court hereby GRANTS Plaintiffs' Motion for the reasons set forth below.

1

## BACKGROUND

Plaintiffs commenced this copyright infringement action on November 4, 2020. ECF No. 1. Plaintiffs claim that they are the owners of the copyright registration for the motion pictures entitled "Ava" and "Rambo V: Last Blood." ECF No. 7 at 4. Plaintiffs allege that each of the Doe Defendants, without Plaintiffs' consent, reproduced and distributed "Ava" and/or "Rambo V: Last Blood" through various peer-to-peer file sharing networks. *Id.* Based upon these allegations, Plaintiffs assert claims against Doe Defendants 1 through 16 for direct copyright infringement and contributory copyright infringement pursuant to 17 U.S.C. § 101, et seq. *Id.* at 9.

Plaintiffs do not know the Doe Defendants' names and addresses because they attempt to use the internet anonymously when conducting their file sharing activities. ECF No. 7. Plaintiffs have nonetheless been able to identify the Internet Protocol ("IP") addresses Doe Defendants used, as well as the date and time that each alleged infringement occurred. *See* Ex. 1 to Compl., ECF No. 1. Plaintiffs have also identified the related Internet Service Provider ("ISP") as Verizon Wireless. *Id.* Accordingly, Plaintiffs seek leave to take early discovery through subpoenas to Verizon Wireless to determine the names and addresses of the subscribers connected to the IP addresses that have been linked to alleged infringement of Plaintiffs' work.

DISCUSSION

Generally, unless authorized by court order, a party is prohibited from seeking discovery before the Federal Rule of Civil Procedure 26(f) conference. Fed. R. Civ. P. 26(d)(1). In rare situations, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In deciding whether to allow early discovery, courts consider whether a plaintiff has shown good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause" may be found where the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

Where the identity of the defendant is not known, the Ninth Circuit has held that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. Courts examine various factors in evaluating whether a plaintiff has established good cause for early discovery to assist in the identification of doe defendants, including whether plaintiff has made a *prima facie* showing of

infringement, whether plaintiff has identified the doe defendants with sufficient particularity, and whether the requested discovery is likely to lead to identifying information. *See, e.g., Patrick Collins, Inc. v. Does 1-1219*, No. C 10-14468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted). Courts have found that good cause exists to permit "expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions." *AF Holdings*, 2012 WL 1610185, at *2 (citing *UMG Recordings, Inc. v. Doe.*, No. C-08-03999 RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); *Arista Records LLC v. Does 1-43*, Civil No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007)).

The Court finds that Plaintiffs have made a sufficient showing to establish good cause to engage in early discovery to identify the Doe Defendants. First, Plaintiffs have made a *prima facie* showing of copyright infringement and contributory copyright infringement. Plaintiffs have alleged that: (1) Plaintiffs own and have registered Ava and Rambo V: Last Blood; (2) the Doe Defendants reproduced and distributed Ava and/or Rambo V: Last Blood without authorization; and (3) Plaintiffs were damaged by the Doe Defendants' actions. As to Plaintiffs' claim for contributory copyright infringement, Plaintiffs allege that each Defendant caused or materially contributed to the direct infringement of Plaintiffs' copyright by other Defendants by participating in the peer-to-peer file-

4

sharing protocol. These allegations are minimally sufficient to state a claim for contributory copyright infringement. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

Second, in Plaintiffs' Complaint, Plaintiffs have identified the Doe Defendants with as much specificity as presently possible. Plaintiffs state that the Doe Defendants are persons or entities that have been observed and documented as infringing on Plaintiffs' copyrighted work. Plaintiffs provided as Exhibit 1 to Plaintiffs' Complaint a list of the IP addresses associated with each of the Doe Defendants, along with the "hit date" that each IP address subscriber allegedly infringed on Plaintiffs' copyrighted work. The IP addresses are located in the State of Hawaii, which indicates that the Court likely has jurisdiction over the Doe Defendants. The Court is not aware of any other reasonable measures Plaintiffs could have taken thus far to identify the Doe Defendants other than to obtain the subscribers' identifying information from the ISP. Finally, Plaintiffs have demonstrated that the proposed subpoenas seek information likely to lead to identifying information that will allow Plaintiffs to effect service of process on the Doe Defendants.[1]

---

[1] The Court expresses no opinion as to whether this identifying information will ultimately reveal the individual or entity who allegedly committed the infringing act. Case law acknowledges the increasing number of devices and users for each IP address. *See e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("it is no more likely that the subscriber to an

Based on the foregoing, the Court finds that Plaintiffs have demonstrated good cause to grant Plaintiffs leave to conduct the early discovery requested in the Motion.

CONCLUSION

The Court hereby GRANTS Plaintiffs' Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference and Extension of Time to Serve Defendants, filed November 5, 2020, as follows:

(1)   Plaintiffs are allowed to serve Rule 45 subpoenas on Verizon Wireless to obtain the name and addresses of each subscriber associated with the IP addresses on the dates set forth in Exhibit 1 to the Complaint.

(2)   Plaintiffs shall serve a copy of this Order with any subpoenas issued pursuant to this Order.

(3)   The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.

(4)   Verizon Wireless shall have 30 days from the date of service upon it to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order. Verizon Wireless may serve the subscribers by any reasonable means, including written notice sent to the subscriber's last known address via first class mail.

(5)   The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena. If that 30-day

---

IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."); *Malibu Media LLC v. Does 1-5*, 2012 WL 2001968 at *1 (S.D.N.Y. June 1, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer."); *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (noting the risk of "false positives" if the individuals identified by ISPs are not the individuals who downloaded the films at issue).

period lapses without a subscriber contesting the subpoena, Verizon Wireless shall have 10 days to produce the information responsive to the subpoenas to Plaintiffs.

(6) After Verizon Wireless is properly served with Rule 45 subpoenas as detailed above, Verizon Wireless shall preserve all subpoenaed information pending the delivery of such information to Plaintiffs or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

(7) Any information disclosed to Plaintiffs in response to a subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act, 17 U.S.C. § 101, et seq.

(8) Plaintiffs' deadline for service of Defendants DOES 1-16 shall be extended for an additional 90 days to May 3, 2021.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 3, 2020

Kenneth J. Mansfield
United States Magistrate Judge

CIVIL NO. 20-00475 DKW-KJM; *EVE NEVADA, LLC ET AL. vs. DOES 1-16*; ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE AND EXTENSION OF TIME TO SERVE DEFENDANTS