IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EVE NEVADA, LLC et al. | ) | CIVIL NO. 20-00475 DKW-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT |
| | ) | PLAINTIFF'S MOTION FOR |
| DOES 1-16 | ) | DEFAULT JUDGMENT AGAINST |
| | ) | COREY R. EVANS |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST COREY R. EVANS

On April 12, 2021, Plaintiff Eve Nevada, LLC ("Plaintiff") filed a Motion for Default Judgment as to Corey R. Evans ("Motion"). ECF No. 35. Defendant Corey R. Evans ("Defendant Evans") did not oppose or otherwise respond to the Motion.

The Court held a hearing on the matter on June 7, 2021. After carefully considering the Motion, the applicable law, and the record in the case, the Court FINDS AND RECOMMENDS that the district court GRANT the Motion for the reasons set forth below.

BACKGROUND

Plaintiff commenced this copyright infringement action on November 4, 2020. ECF No. 1. Plaintiff claims that it is the owner of the copyright registration

for the motion picture entitled "Ava" ("the Work"). ECF No. 11 at 8 ¶ 39. Plaintiff alleges that Defendant Evans, without Plaintiff's consent, reproduced and distributed the Work through various peer-to-peer file sharing networks. *See* ECF No. 11. Plaintiff alleges that Defendant Evans "used a BitTorrent Client application to download torrent files of Plaintiff's Work" then shared Plaintiff's Work "from three separate Internet Protocol ('IP') addresses in Hawaii over multiple days on or around September 2-5, 2020." ECF No. 35 at 12. Based upon these allegations, Plaintiff asserts claims against Defendant Evans for direct copyright infringement and contributory copyright infringement pursuant to 17 U.S.C. § 101, *et seq*. *Id.* at 9.

Plaintiff asserts that Defendant Evans has failed to answer or otherwise defend the First Amended Complaint, and that Plaintiff is therefore entitled to default judgment against Defendant Evans. ECF No. 35 at 2. Plaintiff seeks statutory damages in the amount of $4,000.00, taxable costs in the amount of $505.40, and attorneys' fees in the amount of $5,961.15. *Id.* Plaintiff further requests injunctive relief barring Defendant Evans from infringing Plaintiff's motion picture copyrights in the future. *Id.*

DISCUSSION

I. Legal Standard

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(a), (b). The court has discretion to grant or deny a motion for default judgment. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts may consider the following factors in deciding whether to grant a motion for default judgement (collectively, "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.

3

*Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, "necessary facts not contained in the pleadings, and the claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

II.   Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant Evans.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

The Court finds it has subject matter jurisdiction over the claims in Plaintiff's First Amended Complaint pursuant to 28 U.S.C. §§ 1331, 1338, and the Copyright Act, 17 U.S.C. 101 *et seq*.  The Court also finds it has personal jurisdiction over Defendant Evans based on Plaintiff's allegation that Defendant Evans committed unlawful acts within the jurisdiction "with the full knowledge that his acts would cause injury in this jurisdiction."  *See* ECF No. 11 at ¶¶ 4, 28; ECF No. 35 at 10.

III.    *Eitel* Factors

Given its determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the *Eitel* factors.

A.    Possibility of Prejudice to Plaintiff

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Given that Defendant Evans has not appeared to defend this action on the merits, Plaintiff does not have any recourse other than default judgment to obtain relief.  Accordingly, the first *Eitel* factor favors default judgment.

B.    Merits of Plaintiff's Substantive Claims

Under the second *Eitel* factor, the Court considers the merits of Plaintiff's substantive claims.  As noted above, the allegations in the complaint are taken as true for purposes of determining liability.  *See TeleVideo Sys., Inc.* at 917-18; *Fair Hous. of Marin*, 285 F.3d at 906.  Here, the allegations in Plaintiff's First Amended Complaint, taken as true, establish that Plaintiff is entitled to default judgment against Defendant Evans on all claims.

Plaintiff has made a prima facie showing of copyright infringement and contributory copyright infringement.  A plaintiff asserting copyright infringement must prove two elements: "(1) ownership of the copyright; and (2) infringement-

that the defendant copied protected elements of the plaintiff's work." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Regarding Plaintiff's claim for copyright infringement, Plaintiff alleges: (1) it owns and has registered the Work; (2) Defendant Evans reproduced and distributed the Work without Plaintiff's authorization; and (3) Plaintiff was damaged by Defendant Evans' actions. ECF No. 11 at ¶¶ 97-106.

As to Plaintiff's claim for contributory copyright infringement, the Ninth Circuit has recognized that "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct *of another* may be liable as a 'contributory' [copyright] infringer." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (quotation marks and citation omitted) (emphasis and brackets in original). The Ninth Circuit has "interpreted the knowledge requirement for contributory copyright infringement to include both those with *actual knowledge* and those who *have reason to know* of direct infringement." *Id*. (citation omitted) (emphasis in original). Here, Plaintiff alleges that, by participating in the BitTorrent protocol, Defendant Evans caused or materially contributed to the direct infringement of Plaintiff's copyrighted Work by others. *See* ECF No. 11 at ¶ 108. Plaintiff also alleges that Defendant Evans knew or should have known that other BitTorrent users were directly infringing on Plaintiff's Work. *See id*. at ¶ 110. The Court finds that, although Plaintiff's

6

allegations are minimal, they are nevertheless sufficient to state a claim for contributory copyright infringement. *See Ellison*, 357 F.3d at 1076. Accordingly, the merits of Plaintiff's substantive claims weigh in favor of default judgment.

    C.    Sufficiency of the First Amended Complaint

As discussed above, the Court finds that the allegations in the First Amended Complaint are sufficiently pled. Accordingly, the sufficiency of the First Amended Complaint weighs in favor of default judgment.

    D.    Sum of Money at Stake

For the fourth *Eitel* factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176 (citing *Eitel*, 782 F.2d at 1472). The Court finds that the amount of money Plaintiff requests, $10,466.55, is small in relation to the cost of continued litigation and the amount of statutory damages available to Plaintiff.

The damages Plaintiff seeks are appropriate and reflect the severity of Defendant Evans' specific wrongful conduct infringing Plaintiff's copyrighted Work. The Court thus finds that this factor weighs in favor of default judgment.

    E.    Possibility of Dispute Concerning Material Facts

The fifth factor, the possibility of dispute concerning material factors, weighs in favor of default judgment. As noted above, the Court takes the well-pled allegations of the First Amended Complaint as true, except those relating to the

amount of damages.  *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.  Despite having a fair opportunity to defend against Plaintiff's claims, Defendant Evans has not done so.  Although Plaintiff personally served Defendant Evans with the First Amended Complaint, Defendant Evans has failed to make an appearance in this action or otherwise respond to Plaintiff's claims.  Because Defendant Evans has failed to raise any dispute regarding Plaintiff's material factual allegations, this factor favors default judgment.

  F. Whether Default was Due to Excusable Neglect

Regarding the sixth factor, the Court finds that Defendant Evans' default was not the result of excusable neglect.  Defendant Evans failed to defend this action and the Clerk of Court entered default against him.  *See* ECF No. 33.  There is no evidence in the record indicating that Defendant Evans' default was the result of excusable neglect.  Consequently, this factor weighs in favor of default judgment.

  G. Policy Favoring Decisions on the Merits

As a result of Defendant Evans' default, a decision on the merits is impractical, if not impossible.  Under Federal Rule of Civil Procedure 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003)

("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive."). Here, Defendant Evans has failed to defend against this action and has thus rendered adjudication on the merits before this Court impracticable. Although the policy favoring decisions on the merits generally weighs against default judgment, this factor alone does not preclude the Court from entering default judgment. Therefore, this factor does not preclude the Court from entering default judgment against Defendant Evans.

      H.     Totality of *Eitel* Factors

The Court finds that the totality of the *Eitel* factors weigh in favor of entering default judgment in favor of Plaintiff and against Defendant Evans. Accordingly, the Court considers Plaintiff's request for statutory damages, costs, and attorneys' fees.

IV.     Remedies

Although Defendant Evans' default establishes his liability to Plaintiff, it does not establish the amount of damages or other relief to which Plaintiff is entitled. *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18. Plaintiff must provide evidence to support Plaintiff's requested relief and the relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54 (c). Here, Plaintiff seeks: (1) statutory damages of $4,000.00, including $1,500.00 for Defendant Evans' infringement of the Work and $2,500.00 for

Defendant Evans' Copyright Management Information ("CMI") violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. 1201 *et seq.*; (2) $505.40 for costs; (3) $5,961.15 for attorneys' fees; and (4) injunctive relief.  ECF No. 35-1 at 22-32.  The Court addresses these requests in turn below.

    A.    Statutory Damages

Plaintiff seeks statutory damages totaling $4,000.00, including $1,500.00 for Defendant Evans' infringement of the Work in violation of the Copyright Act and $2,500.00 for Defendant Evans' CMI violations of the DMCA.  ECF No. 35-1 at 22-23.

Under the Copyright Act, a plaintiff may elect to seek actual damages attributable to the infringement or statutory damages of "not less than $750 or more than $30,000."  17 U.S.C. § 504(b), (c).  Where the infringement was "willful," however, the court may award up to $150,000 in statutory damages.  *Id.* § 504(c)(2).  District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1355 (9th Cir. 1984) (citation omitted).  The DMCA provides that "a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000."  17 U.S.C. § 1203(c)(3)(B).

Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quotation marks and citation omitted). This Court is thus guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like." *Id*. (quotation marks and citation omitted).

Plaintiff requests an award for willful violation of the Copyright Act and the statutory minimum for damages under the DMCA. The Court finds that awarding minimal statutory damages under both Acts is appropriate to deter and punish Defendant Evans' conduct and to compensate Plaintiff. Therefore, the Court recommends that the district court award Plaintiff $4,000.00 in statutory damages.

B.  Costs

Pursuant to 17 U.S.C. § 505, a prevailing party may recover its "full costs." In light of the Court's finding and recommendation that the district court grant default judgment in favor of Plaintiff, the Court also finds and recommends that the district court award costs to Plaintiff as the prevailing party. Plaintiff seeks an award of $505.40 for costs. *See* ECF No. 35 at 2. The total costs requested consist of: (1) $402.00 in filing fees to file the Complaint; and (2) $103.40 in costs to serve Defendant Evans with the First Amended Complaint. *See* ECF No. 35-1 at 32.

The Court finds that Plaintiff's request for costs is reasonable. Accordingly, the Court recommends that the district court award Plaintiff $505.40 for costs incurred in this action.

C. Attorneys' Fees

This Court may award reasonable attorneys' fees incurred in litigating a copyright infringement action pursuant to 17 U.S.C. § 505. "Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989).

Plaintiff requests attorneys' fees consisting of: (1) $3,412.50 for 13.65 hours of attorney Kerry Culpepper's work; (2) $2,125.00 for 17 hours of law clerk Joshua Lee's work; and (3) $155.40 for 21 hours of legal assistant Stephanie Kessner's work. ECF No. 35-1 at 32. The Court observes that, at the time of his work on this case, Joshua Lee was licensed to practice law in the state of Washington but was not licensed to practice law in the state of Hawaii. The United States Court of Appeals for the Ninth Circuit permits the award of fees for non-attorney work, including a law clerk's work. *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1256 (9th Cir. 2006). Based on the representation that Plaintiff billed Joshua Lee as a law clerk,

the Court recommends that the district court award fees for Joshua Lee's work. The Court notes, however, that when a "law clerk" is a licensed attorney in another state but not in Hawaii, that person should apply for pro hac vice admission if they wish to work on a case in this jurisdiction.

The Court finds that $5,961.15 is an appropriate award of attorneys' fees in this matter and recommends that the district court award Plaintiff that amount.

D. Injunctive Relief

Plaintiff requests that the Court grant injunctive relief "permanently barring Defendant from directly and contributorily infringing Plaintiff's copyrights in the Work." ECF No. 35-1 at 24.

17 U.S.C. § 502(a)(2) authorizes the Court to grant permanent injunctive relief to prevent or restrain copyright infringement. *See* 17 U.S.C. § 502(a)(2) ("Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or refrain infringement of a copyright."). "Courts routinely issue injunctive relief as part of a default judgment where, as here, an online media distribution system was used to download and distribute copyrighted works without permission." *Cook Prods., LLC v. Szerlip*, No. CV 16-00637 HG-KSC, 2017 WL 6568001, at *5 (D. Haw. Aug. 25, 2017), *adopted as modified by* No. CV 16-00637 HG-KSC, 2017 WL 4883220 (D. Haw.

13

Oct. 30, 2017) (citing *Warner Bros. Records, Inc. v. Novak*, 2007 WL 1381748 at *2-3 (D. N.J. 2007)). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Systems Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).

Plaintiff has demonstrated that Defendant Evans will likely continue to violate Plaintiff's copyright if Defendant Evans is not enjoined. The BitTorrent technology, which Defendant Evans allegedly used to violate Plaintiff's copyright, facilitates the widespread and uncontrolled infringement of copyrighted materials. ECF No. 11 at 12-13 ¶¶ 51-52. By nature of how BitTorrent operates, Defendant Evans' unauthorized copy of the Work will likely be the source for others to download the Work repeatedly. ECF No. 11 at 16 ¶¶ 69-72. In addition, Defendant Evans' failure to appear in this case demonstrates Defendant Evans' failure to appreciate the seriousness of his actions and indicates that Defendant Evans will likely continue to violate Plaintiff's copyrights. Moreover, Defendant Evans will not suffer hardship by virtue of being barred from engaging in illegal activity. Accordingly, the Court finds that permanent injunctive relief is an appropriate award here as a means of preventing future copyright infringement and recommends that the district court grant Plaintiff's request for permanent injunction.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion for Default Judgment Against Defendant Corey R. Evans (ECF No. 35) as follows: (1) Award Plaintiff a total of $4,000.00 for statutory damages; (2) Award Plaintiff a total of $505.40 for costs; (3) Award Plaintiff a total of $5,961.15 for attorneys' fees; and (4) Award Plaintiff a permanent injunction against Defendant Evans' continued infringement of Plaintiff's copyright in the Work.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 21, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

CIVIL NO. 20-00475 DKW-KJM; *EVE NEVADA, LLC ET AL. vs. DOES 1-16*; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST COREY R. EVANS.