CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
Joshua Lee, Bar No. 11377
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:    joshua.lee@culpepperip.com

Attorney for Plaintiff
Eve Nevada, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Eve Nevada, LLC. | **Case No.: 1:20-cv-475-DKW-KJM** |
| | (Copyright) |
| Plaintiff, | |
| vs. | MEMORANDUM IN SUPPORT OF MOTION |
| DIETRICH RILEY, et al. | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.     BRIEF FACTUAL HISTORY

After Defendant Corey Evans ("Defendant") failed to answer or respond, Plaintiff was granted default judgment against Defendant on Defendant on July 12, 2021 [Doc. #45]. Despite Plaintiff providing notice on Defendant of Default

Judgment, Defendant still has not responded in any way. *See* Decl. of Counsel at ¶¶3-5, 11. Plaintiff sought to enforce judgment through the remedies available to them per FRCP 69. However, since Defendant did not answer or participate, Plaintiff has no information other than Defendant's name, Verizon phone number, and Verizon IP address used to infringe on Plaintiff's copyrights. *See Id.* at ¶12. As such, Plaintiff served a Rule 45 subpoena on Defendant's Internet Service Provider Verizon for documents relating to Defendant's financial information on October 29, 2021. *See Id.* at ¶8. Verizon refused to produce the requested documents without a court order pursuant to California Public Utilities Code Section 2891. *See Id.* at ¶9. Accordingly, Plaintiff now files this motion for a court order authorizing Verizon to disclose Defendant's personal financial information.

## II.  LEGAL STANDARD

FRCP 69(a)(2) states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person…." FRCP 34(a) states that "A party may serve on any other party a request within the scope of Rule 26(b)". FRCP 26(b) states that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

California Public Utilities Code Section 2891(a) states that "No telephone or telegraph corporation shall make available to any other person or corporation, without first obtaining the residential subscriber's consent, in writing, any of the following information: (2) The residential subscriber's credit or other personal financial information." California Public Utilities Code Section 2894 states that a service provider under this section may disclose information in "good faith compliance with the terms of a state or federal warrant or order…." FRCP 37(a)(3)(iv) allows a party to move the Court for an order compelling production if "a party fails to produce documents or fails to respond that inspection will be permitted…".

### III.   ARGUMENT

California Public Utilities Code Section 2894 allows a service provider such as Verizon to disclose a California resident subscriber's identifying information without the subscriber's written consent pursuant to a Court order. *See Kaur v. City of Lodi*, No. 2: 14-cv-0828 TLN AC, 2016 U.S. Dist. LEXIS 10348, at *4 (E.D. Cal. Jan. 27, 2016) ("Section 2891(a) also does not appear to apply to subpoenas for cell phone records, but even if it did apply, it does not authorize AT&T Mobility to withhold documents in the face of a federal court order compelling

their production.") (citing Cal. Pub. Util. § 2894(a); *McArdle v. AT & T Mobility LLC*, 2010 WL 1532334 at *6, 2010 U.S. Dist. LEXIS 47099 at *15-16 (N.D. Cal. 2010) ("section 2894 of the utilities code provides an exception to this rule for court orders")).

Plaintiff seeks to ascertain Defendant's financial information in order to satisfy the judgment for infringing Plaintiff's Work. Plaintiff respectfully asserts that the requested information from Verizon is squarely within the standards of FRCP 69(a)(2) and FRCP 26(b) for obtaining discovery. First, the requested information is not privileged and is highly relevant to Plaintiff's claims and judgment on Defendant. Indeed, as stated above, Plaintiff has no other method of obtaining any of Defendant's financial information (or any other information for that matter) since Defendant has not appeared or participated in this case. Moreover, because Verizon is Plaintiff's only option to obtain this information, Plaintiff also asserts that the requested information is proportional to the needs of obtaining judgment in this case as well as the parties' relative access to relevant information. *See NLRB v. Cable Car Advertisers, Inc*., 319 F. Supp. 2d 991, 1001 (N.D. Cal. 2004) (finding customer identification information to be relevant to plaintiff's "attempt to enforce the judgment").

Second, the information requested is important to the issues at stake, the amount in controversy, and the ability to resolve the issues. Indeed, obtaining

Defendant's financial information is the only way to resolve the case and collect the amount in controversy.

Third, the burden or expense of the proposed discovery does not outweigh its likely benefit. Indeed, Verizon only cited to section 2891(a) in its objection to the subpoena, and did not claim privilege, burden, or expense related objections. Thus, Verizon's burden or expense does not outweigh the benefit of obtaining rightful judgment. Additionally, because Defendant has not appeared, there is no burden or expense of any sort on Defendant for the requested information.

Lastly, this Court has already granted a similar motion for subscriber identification information from Verizon over 47 U.S. Code § 551 (the Cable Act) in its Order Granting Early Discovery [Doc. #8]. The Cable Act has a near identical provision prohibiting a cable operator from disclosing a subscriber's personally identifiable information without the prior written or electronic consent of the subscriber, unless such disclosure is pursuant to a court order. 47 U.S. Code § 551(c)(2)(B).

Since Plaintiff's requested information is wholly within the standards of FRCP 69(a)(2) and 26(b), Plaintiff respectfully moves this Court for an order authorizing disclosure of Defendant's financial information by Verizon over any Section 2891 objections.

DATED: Kailua-Kona, Hawaii, December 14, 2021.

                CULPEPPER IP, LLLC

                <u>/s/ Joshua Lee</u>
                Joshua Lee
                Attorney for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

I am counsel for the moving party in the above motion and certify that I attempted to confer with Defendant Corey Evans on November 29, 2021 concerning the disputed issue of Plaintiff's Motion for Court Order Authorizing Subscriber Disclosure in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for Plaintiff's motion as required by L.R. 37.1(a). Defendant has not appeared in this case and has not responded to Plaintiff's counsel.

DATED: Kailua-Kona, Hawaii, December 14, 2021.

CULPEPPER IP, LLLC

/s/ Joshua Lee
Joshua Lee

Attorney for Plaintiff
Eve Nevada, LLC