IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EVE NEVADA, LLC, | ) | Civil No. 20-00475 DKW-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF |
| | ) | EVE NEVADA, LLC'S MOTION |
| vs. | ) | FOR COURT ORDER |
| | ) | AUTHORIZING SUBSCRIBER |
| DIETRICH RILEY, et al., | ) | DISCLOSURE |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYINGPLAINTIFF EVE NEVADA, LLC'S
MOTION FORCOURT ORDER AUTHORIZING SUBSCRIBER DISCLOSURE

On July 12, 2021, Plaintiff Eve Nevada, LLC ("Plaintiff") obtained a default judgment against Defendant Corey R. Evans ("Defendant"). ECF No. 45. On December 14, 2021, Plaintiff filed a Motion for Court Order Authorizing Subscriber Disclosure ("Motion") in connection with its attempts to enforce the judgment. ECF No. 47.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully reviewing the filings and the record in this case, the Court DENIES Plaintiff's Motion for the reasons set forth below.

## BACKGROUND

This case arose out of then-Plaintiffs Eve Nevada, LLC, and Rambo V Productions, Inc.'s,[1] claims against certain doe defendants for direct and contributory copyright infringement pursuant to 17 U.S.C. § 101, *et seq*. ECF No. 1 at 18, 21. Plaintiff obtained Defendant's name and address by issuing and serving upon Verizon Wireless ("Verizon") a Federal Rule of Civil Procedure 45 subpoena. *See* ECF No. 8; ECF No. 11 at 6-7 ¶¶ 26-29.

On April 5, 2021, the Clerk entered default against Defendant. ECF No. 33. On July 12, 2021, this district court entered default judgment against Defendant ("Judgment").[2] ECF No. 45. The district court's Order Adopting Magistrate Judge's Findings and Recommendation and the Judgment were served by first-class mail on Defendant. *See* Court's Certificate of Service dated 07/12/2021.

Counsel for Plaintiff declares that on October 29, 2021, Plaintiff served a subpoena on Verizon requesting Defendant's financial information to enforce the Judgment. ECF No. 47-2 at 2 ¶ 8. Counsel for Plaintiff declares that in a

---

[1] Former plaintiff Rambo V Productions, Inc., was terminated pursuant to the filing of a First Amended Complaint, which contained only Eve Nevada, LLC, as a plaintiff. *See* ECF No. 11.

[2] The district court awarded Plaintiff $4,000.00 for statutory damages, $505.40 for costs, $5,961.15 for attorneys' fees, and a permanent injunction against Defendant's continued infringement of Plaintiff's copyright in its work. ECF No. 45.

confidential letter dated November 18, 2021, Verizon "refused to release any information for Defendant unless ordered to do so by the court notwithstanding [California Public Utilities Code ('Cal. Pub. Util. Code')] § 2891." *Id*. at ¶ 9.

Counsel for Plaintiff declares that on November 29, 2021, he sent, via first-class mail and email, a request to meet and confer with Defendant regarding the instant Motion. *Id*. at ¶ 10. Plaintiff's counsel declares that Defendant never appeared or responded to Plaintiff in this case. *Id*. at ¶ 11.

DISCUSSION

Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery *from any person*—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. Civ. R. P. 69(a)(2) (emphasis added).[3] "The purpose of the postjudgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets." *Sec. and Exch. Comm'n v. Premier Holding Corp. & Randall Letcavage,* Case No. 8:18-cv-

---

[3] Plaintiff also bases this Motion on Federal Rule of Civil Procedure 37, which addresses discovery between parties. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37 does not apply to Verizon, which is not a party.

00813 CJC (KES), 2021 WL 6104308, at *1 (C.D. Cal. Sept. 7, 2021) (quoting *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 868 (7th Cir. 2013)); *see also Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009) (citations omitted) (noting one purpose of post-judgment discovery is "to identify assets that can be used to satisfy a judgment").

"The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). "Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is *entitled* to fish for assets of the judgment debtor." *Premier Holding Corp.*, 2021 WL 6104308, at *1 (quoting *Textron Fin. Corp. v. Gallegos*, Case No.: 15CV1678-LAB (DHB), 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016)). "Rule 69 permits the judgment creditor to use any discovery device allowed by the federal rules." *Id.* at *2 (citing Fed. R. Civ. P. 69 advisory committee's note (1970)). "In applying these rules, district courts have broad discretion to control the timing, sequence, and methods of discovery." *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

Section 2891 of the Cal. Pub. Util. Code, under which Verizon objects to the disclosure of Defendant's information, provides, in pertinent part: "No telephone or telegraph corporation shall make available to any other person or corporation,

4

without first obtaining the residential subscriber's consent, in writing . . . [t]he residential subscriber's credit or other personal financial information . . . ." Cal. Pub. Util. Code § 2891(a)(2). The Cal. Pub. Util. Code shields telephone companies from civil liability where they disclose subscriber information in good faith and subject to a court order:

> Notwithstanding subdivision (e) of Section 2891, the disclosure of any information by an interexchange telephone corporation, a local exchange telephone corporation, or a provider of commercial mobile radio service . . . in good faith compliance with the terms of a state or federal court warrant or order . . . is a complete defense against any civil action brought under this chapter . . . .

Cal. Pub. Util. Code § 2894(a); *see also Lee v. Glob. Tel*Link Corp.*, Case No. 2:15-cv-02495-ODW(PLAx), 2017 WL 11272587, at *3-5, 10 (C.D. Cal. Dec. 6, 2017) (conducting own independent interpretation of Cal. Pub. Util. Code § 2894 and concluding that subpoenaed telephone companies are shielded from civil liability in complying with a court order to produce subscriber information in a class action suit).

"Indeed, federal courts construing California law have repeatedly found that these provisions expressly allow for production of subscriber information upon court order." *Ezold v. TracFone Wireless, Inc.*, CASE NO. 20-21346-CIV-ALTMAN/GOODMAN, 2020 WL 6144632, at *2–3 (S.D. Fla. Oct. 16, 2020) (citing *Lee*, 2017 WL 11272587, at *4; *Kaur v. City of Lodi*, Case No. 2:14-cv-0828 TLN AC, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016); *McArdle v.*

5

*AT&T Mobility LLC*, Case No. C 09-1117 CW (MEJ), 2010 WL 1532334, at *6 (N.D. Cal. April 16, 2010)).  Based on these authorities, the district court in *Ezold* concluded that California law authorizes the disclosure of subscriber information pursuant to a court order.

"Although the Rules permit discovery *from* 'persons' as well as parties, and permit 'persons' to seek *protection* from discovery, they provide for discovery only *by* parties (including judgment creditors)."  *Patriot Rail Corp. v. Sierra R.R. Co.*, No. 2:09-cv-0009 TLN AC, 2016 WL 704456, at *2 (E.D. Cal. Feb. 23, 2016).  Accordingly, Plaintiff seeks to obtain Defendant's information relevant to enforcing the Judgment and that purportedly falls within the scope of discovery permitted by Federal Rule of Civil Procedure 26, as follows:

> Any party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The Court finds that Plaintiff does not demonstrate that the post-judgment discovery it seeks falls within the scope of Rule 26.  Plaintiff's counsel declares that besides the identifying information disclosed in early discovery, Plaintiff has

no other information regarding Defendant. ECF No. 47-2 at 2 ¶ 12. Plaintiff's counsel declares that the information requested from Verizon will be used to enforce the Judgment. *Id*. at ¶ 13.

Plaintiff, however, fails to elucidate how Verizon's "subscriber information" is relevant to Plaintiff's ability to collect the Judgment. Specifically, Plaintiff does not describe what "financial information" it expects Verizon to furnish, such as the amount Defendant pays for internet and cable or how Defendant pays his monthly bill. Or whether Plaintiff actually seeks Defendant's bank account information. If so, Plaintiff does not indicate whether Verizon would, in fact, have such information. "As the party seeking discovery, Plaintiff must demonstrate that the information sought is relevant and discoverable." *Ogeone v. U.S.*, CIVIL NO. CV 13-00166 SOM-RLP, 2014 WL 12611289, at *1 (D. Haw. Oct. 14, 2014) (citing *Calderon v. U.S.*, Civil No. 07cv288-l(NLS), 2008 WL 1787497, at *2 (S.D. Cal. April 15, 2008) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).")).

Plaintiff having failed to demonstrate that the discovery it seeks from Verizon satisfies the relevancy requirements of Rule 26(b)(1), this Court denies Plaintiff's Motion.

\\

CONCLUSION

Based upon the foregoing, the Court DENIES Plaintiff's Motion for Court Order Authorizing Subscriber Disclosure (ECF No. 47).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*Eve Nevada, LLC v. Dietrich Riley, et al.*, Civil No. 20-00475 DKW-KJM; Order Denying Plaintiff Eve Nevada, LLC's Motion for Court Order Authorizing Subscriber Disclosure